■ GERARD TULLY, SR., et al., Respondents, v KENNETH A. TULLY et al., Appellants. (Matter No. 1.) In the Matter of GERARD TULLY, SR., Petitioner. WILLETS POINT CONTRACTING CORP. et al., Respondents. (Matter No. 2.) (And Two Other Related Matters.)—In a stockholders' derivative action, which was consolidated with a proceeding, *inter alia,* seeking dissolution of six closely-held corporations, and the appointment of a permanent receiver, Kenneth A. Tully and Harry C. Irwin appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated January 3, 1991, as granted, without a hearing, those branches of the motion of the plaintiff Gerard Tully, Sr., which were for dissolution of the six closely-held corporations and the appointment of a permanent receiver.

Ordered that the order is modified, on the law, by (1) deleting from the first paragraph thereof the words "and appointment of a permanent receiver", (2) deleting from the third decretal paragraph thereof the provision which appoints Peter J. Johnson as receiver of the corporations, (3) deleting the sixth, seventh, eighth, ninth, tenth and eleventh decretal paragraphs, and (4) deleting from the twelfth decretal paragraph the words "until the receiver files his oath and bond as aforesaid"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The appellant Kenneth A. Tully, and his brother Gerard Tully, Sr., sought, in relevant part, dissolution of six closely-held corporations in which each brother owned 50% of the shares. The appellant Harry C. Irwin is the treasurer of two of the six corporations. In addition, Gerard Tully, Sr., sought, in relevant part, the appointment of a permanent receiver for the corporations.

Contrary to the appellants' contention, that branch of the motion of Gerard Tully, Sr., which was for dissolution of the six closely-held corporations was properly granted for reasons stated by Justice Nahman in his memorandum decision dated July 17, 1990.

However, we agree with the appellants that the conflicting petitions and affidavits raise significant issues regarding whether a permanent receiver should have been appointed

and if so, whether Kenneth A. Tully should have been named as permanent receiver. Consequently, we find that the Supreme Court erred by appointing a permanent receiver without first conducting a hearing (see, Business Corporation Law §§ 1113, 1202 [a] [1]; § 1203 [b]). The order appealed from has been modified accordingly. We note that if the Supreme Court, after a hearing, again determines that a permanent receiver is necessary, the deleted provisions of the order with regard to the receivership may be reinstated; if, after a hearing, the Supreme Court determines that a permanent receiver is not warranted, then it should issue directions to facilitate the orderly dissolution of the corporations. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.